UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 20·270 ECT/LIB |
| | ) **INDICTMENT** |
| Plaintiff, | ) |
| | ) 18 U.S.C. § 844(c) |
| | ) 18 U.S.C. § 844(i) |
| v. | ) 18 U.S.C. § 844(h)(1) |
| | ) 18 U.S.C. § 981(a)(1)(C) |
| ANDREW CHARLES WELSH, | ) 18 U.S.C. § 982(a)(2)(B) |
| | ) 18 U.S.C. § 1343 |
| Defendant. | ) 21 U.S.C. § 853(p) |
| | ) 28 U.S.C. § 2461 |

THE UNITED STATES GRAND JURY CHARGES THAT:

## INTRODUCTION

1.      From at least February 17, 2020, and continuing through date of this Indictment, the defendant, **ANDREW CHARLES WELSH**, devised and carried out a scheme to commit wire fraud by intentionally setting fire to his business and then submitting a fraudulent claim for about $1.4 million in insurance proceeds.

## GENERAL ALLEGATIONS

At all times material to this indictment:

2.      The Press Bar and Parlor was a building ánd business, located on West Saint Germain Street in the City of Saint Cloud, within the State and District of Minnesota.

3.      In or about April 2016, **ANDREW CHARLES WELSH** entered into contracts purchasing the Press Bar and Parlor building and real property in the name of the Horseshoe Club, LLC, and purchasing the Press Bar and Parlor business in the name of Timeless Bar, Inc., d/b/a The Press Bar and Parlor.   Both the Horseshoe Club, LLC, and Timeless Bar, Inc., are owned and operated by **WELSH** and J.W.

SCANNED
NOV 17 2020
U.S. DISTRICT COURT MPLS

U.S. v. Andrew Charles Welsh

4.      **WELSH** operated the Press Bar and Parlor as a bar and tavern.   As part of his operation of the business, **WELSH** purchased and maintained a business owner's insurance policy for the Press Bar and Parlor in the name of Timeless Bar Inc.   The policy was purchased from the Illinois Casualty Company, located in Rock Island, Illinois. Among other things, the policy provided coverage for property damage to the Press Bar and Parlor building and real property, as well as coverage for other losses.   For the policy in effect from April 2019 to April 2020, the policy limits for building and real property were $1,350,000, with an automatic annual increase of 4%.

## THE SCHEME TO DEFRAUD

5.      From at least February 17, 2020, and continuing through the date of this Indictment, **WELSH** did knowingly carry out a scheme and artifice to defraud and to obtain money and property from Illinois Casualty Company, by means of materially false and fraudulent pretenses, representations, promises, and material omissions.

6.      The object of the scheme to defraud was to file, or cause to be filed, one or more fraudulent insurance claims with Illinois Casualty Company seeking payment of money to **WELSH**, through his company, Timeless Bar, Inc., for property damage and other losses related to the Press Bar and Parlor, and thereby enrich himself.

7.      On or about February 17, 2020, in furtherance of the scheme to defraud, **WELSH** used an ignitable liquid to set a fire in the basement of the Press Bar and Parlor. The fire eventually spread and resulted in the total destruction of the building as well as other losses.

2

<u>U.S. v. Andrew Charles Welsh</u>

8.     On or about February 24, 2020, **WELSH** and J.W. retained a Public Insurance Adjuster to assist in the preparation, presentation, and adjustment of insurance claims related to the fire at Press Bar and Parlor.

9.     On or about February 26, 2020, the Public Insurance Adjuster, acting at the direction of **WELSH**, J.W., and Timeless Bar, Inc., contacted agents and employees of Illinois Casualty Company, and claimed that his clients were entitled to payment from Illinois Casualty Company in the amount $1,430,123.28 for property damage and other losses related to the February 17, 2020 fire.

## COUNT 1
### (Arson)

10.     On or about February 17, 2020, in the State and District of Minnesota, the defendant,

### ANDREW CHARLES WELSH,

maliciously damaged and destroyed, by means of fire and explosive materials, the Press Bar and Parlor, a building located at 502 West Saint Germain Street in the City of Saint Cloud, Minnesota, used in interstate commerce, in violation of Title 18, United States Code, Section 844(i).

## COUNT 2
### (Use of Fire to Commit a Federal Felony)

11.     On or about February 17, 2020, in the State and District of Minnesota, the defendant,

### ANDREW CHARLES WELSH,

U.S. v. Andrew Charles Welsh

knowingly used fire to destroy the Press Bar and Parlor, in order to commit the offense of

wire fraud, as charged in Count 3 of this Indictment, a felony prosecutable in a court of the

United States, in order to fraudulently collect insurance proceeds on such building and

business, in violation of Title 18, United States Code, Section 844(h)(1).

## COUNT 3
### (Wire Fraud)

12.     The grand jury re-alleges and incorporates paragraphs 1 through 11 as if fully

set forth herein.

13.     From at least in or about February 17, 2020, and continuing through date of

this Indictment, in the State and District of Minnesota, the defendant,

**ANDREW CHARLES WELSH,**

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud

and to obtain money and property by means of materially false and fraudulent pretenses,

representations, promises, and material omissions, which scheme and artifice as described

above in paragraphs 1 through 9.

14.     On or about February 26, 2020, for the purpose of executing and attempting

to execute the above-described scheme and artifice to defraud, **WELSH** knowingly

transmitted and caused to be transmitted by means of wire communications in interstate

and foreign commerce, certain writings, signs, signals, and sounds, described as follows:

an email from P.N. (a Public Insurance Adjuster representing **WELSH**) to P.G. and J.H.

(agents of the Illinois Casualty Company), attaching a Proof of Loss signed by **WELSH**

claiming entitlement to $1,430,123.28 in payment for property damage and other losses

4

U.S. v. Andrew Charles Welsh

related to a fire at the Press Bar and Parlor under an insurance policy issued by Illinois Casualty Company, and representing that "said loss did not originate by any act, design, or procurement on the part of your insured," when in truth and in fact, as WELSH knew, his act of intentionally setting fire to the Press Bar and Parlor caused the loss for which he sought compensation, all in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

15.     Counts 1 through 3 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), in conjunction with Title 28, United States Code, Section 2461(c).

16.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 844 set forth in Counts 1 and 2 of this Indictment, the defendant,

**ANDREW CHARLES WELSH,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, and pursuant to Title 18, United States Code, Section 844(c) and Title 28, United States Code, Section 2461(c), any explosive materials involved or used or intended to be used in the violations.

17.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count 3 of this Indictment, the defendant,

**ANDREW CHARLES WELSH,**

5

U.S. v. Andrew Charles Welsh

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

18.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY                FOREPERSON