UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 20-270 (ECT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANDREW CHARLES WELSH,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant ANDREW CHARLES WELSH (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Arson, in violation of 18 U.S.C. §844(i). The defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the government agrees to move to dismiss the remaining counts of the Indictment.

2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

1

The defendant admits that on or about February 17, 2020, in the State and District of Minnesota, he maliciously damaged and destroyed, by means of fire, the Press Bar (Press Bar) and Parlor, a building used in interstate commerce located at 502 West Saint German Street in the City of St. Cloud.

Specifically, the defendant admits that on or about April 2016, he purchased the Press Bar building and real property in the name of the Horseshoe Club, LLC, and purchased the Press Bar business in the name of Timeless Bar, Inc., d/b/a The Press Bar and Parlor. At the time of the fire, the defendant and his wife, J.W., both owned the Horseshoe Club, LLC, and Timeless Bar, Inc.

The defendant also admits that he operated the Press Bar as a bar and tavern and that the business moved money in interstate commerce. As part of his operation of the business, the defendant purchased and maintained a business owner's insurance policy for the Press Bar in the name of Timeless Bar, Inc. The policy was purchased from the Illinois Casualty Company, located in Rock Island, Illinois. Among other things, the policy provided coverage for property damage to the Press Bar building and real property, as well as coverage for other losses. For the policy in effect from April 2019 to April 2020, the policy limits for building and real property were $1,350,000, with an automatic annual increase of 4%.

The defendant admits that on or about February 17, 2020, he carried out a scheme to defraud and obtain insurance money and property from Illinois Casualty Company. The object of the scheme to defraud was to file, or cause to be filed, one or more fraudulent insurance claims with Illinois Casualty Company seeking payment

of money to the defendant, through his company, Timeless Bar, Inc., for property damage and other losses related to the Press Bar and Parlor, and thereby enrich himself.

On or about February 17, 2020, in furtherance of the scheme to defraud, the defendant used gasoline, an ignitable liquid, to set a fire in his office located in the basement of the Press Bar. The fire eventually spread and resulted in the total destruction of the building as well as other losses.

On or about February 24, 2020, the defendant and J.W. retained a Public Insurance Adjuster to assist in the preparation, presentation, and adjustment of insurance claims related to the fire at Press Bar.

On or about February 26, 2020, the Public Insurance Adjuster, acting at the direction of the defendant, J.W., and Timeless Bar, Inc., contacted agents and employees of Illinois Casualty Company, and claimed that his clients were entitled to payment from Illinois Casualty Company in the amount $1,430,123.28 for property damage and other losses related to the February 17, 2020, fire.

The defendant admits that he knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, an email from the Public Insurance Adjuster to agents of the Illinois Casualty Company, attaching a Proof of Loss signed by the defendant which claimed entitlement to $1,430,123.28 in payment for property damage and other losses related to the February 17, 2020, fire at the Press Bar under an insurance policy issued by Illinois Casualty Company, and representing that "said loss did not originate by any act, design, or procurement

on the part of your insured," when, as the defendant knew, his act of intentionally setting fire to the Press Bar caused the loss for which he sought compensation.

The defendant admits that on or about May 14, 2020, an amended proof of loss was filed related to the building property which sought entitlement in the amount of $1,623,373.28. Further, the defendant admits that on or about June 1, 2020, another claim on the insurance policy for $337,003.43 was submitted related to the business's personal property. The defendant admits that the total claim amounted to $1,960,376.71.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, including the dismissal of Count Two which carries a statutory mandatory minimum of 10 years in prison, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending trial motions resolved and to file any additional trial motions in this case. The defendant agrees that, by pleading guilty, he is also withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be

protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.   **Additional Consequences.** The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.   **Statutory Penalties.** The defendant understands that Count One of the Indictment (Arson, in violation of 18 U.S.C. 844(i)) is a felony offense that carries the following statutory penalties:

   a.   a mandatory minimum of five years in prison;

   b.   a maximum of twenty years in prison;

   c.   a supervised release term of at least one year up to a maximum supervised release term of three years;

   d.   a maximum fine of $250,000;

   e.   restitution as agreed to by the parties in this agreement;

   f.   assessment to the defendant of the costs of prosecution,

  imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

 g. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Revocation of Supervised Release.** The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

 a. <u>Base Offense Level</u>. The parties agree that the base offense level (applying the greatest) should be 2 levels more than the total offense level from § 2B1.1 (Theft, Property Destruction, and Fraud). U.S.S.G. § 2K1.4(a)(4).

  Accordingly, the parties agree that the base level for § 2B1.1 is 7. U.S.S.G. § 2B1.1(a)(1).

  The parties also agree that the offense level should be further increased by 16 levels because the loss exceeded $1,500,000. U.S.S.G. § 2B1.1(b)(1)(I).

  The parties also agree that the offense level should be further increased by 2 levels because the offense involved the conscious

        or reckless risk of death or serious bodily injury. U.S.S.G. § 2B1.1(b)(16)(A).

b.    The parties agree that no other specific offense characteristics apply.

c.    <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility (as outlined below), no other Chapter 3 adjustments apply.

d.    <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The defendant has **not** timely notified the government of his intention to enter a plea of guilty. Accordingly, the government **does not** agree to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether the 2-level reduction pursuant to U.S.S.G. § 3E1.1(a) will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation for the 2-level reduction is conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant move to withdraw his guilty plea after it is entered.

e.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal

  history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

  f. <u>Guidelines Range</u>. If the adjusted offense level is 25, and the criminal history category is I, the Sentencing Guidelines range is **57-71 months of imprisonment**.

   However, because the mandatory minimum sentence is 60 months of imprisonment, if the adjusted offense level is 25, and the criminal history category is I, the adjusted Sentencing Guidelines range is **60-71 months of imprisonment**.

   The defendant understands that, regardless of the Sentencing Guidelines range, the statutory mandatory minimum sentence in this matter is five years (60 months) of imprisonment.

  g. <u>Fine Range</u>. If the adjusted offense level is 25, the Sentencing Guidelines fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3).

  h. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least one year up to a maximum supervised release term of three years. U.S.S.G. § 5D1.2.

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the

parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees the special assessment is due and payable at the time of sentencing.

12. **Restitution Agreement.** The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crime. The defendant agrees that he owes restitution and agrees that the Court shall order him to pay restitution of at least $1,454,115.72 to the following individuals and/or businesses as delineated:

    a.    Illinois Casualty Company, in an amount to be determined, but at least $393,102;

    b.    Thomas Lee, in the amount of $4,058.21;

    c.    Samantha Sitarz, in an amount to be determined;

    d.    The Bank of St. Cloud, in the amount of at least $67,000;

    e.    Cowboy Jacks-Building a/k/a Midnight Real Estate Group, in the amount of $709,306.70;

    f.    Granite City Comics, in the amount of $17,835.40;

    g.    Villa Inc. d/b/a Mexican Village, in the amount of $49,220.48;

    h.    St. Cloud Masonic Lodge, in the amount of $20,695.08; and

    i.    St. Cloud Fire Department, in the amount of $192,897.85.

The defendant also understands and agrees that the Court shall order him to pay any additional restitution requests in an amount to be determined

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Forfeiture.** The defendant agrees to forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction. The defendant agrees that if any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. 2461(c).

15. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

                                           ANDREW M. LUGER
                                           United States Attorney

Date: 5/5/2022

BY:   NATHAN H. NELSON
        EVAN B. GILEAD
        Assistant United States Attorney

Date: 5/4/2022

ANDREW CHARLES WELSH
Defendant

Date: 5/4/2022

RYAN P. GARRY
ANDREW S. BIRREL
IAN S. BIRRELL
Attorneys for the Defendant